IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Joey Lynn Clark, | ) | Case No.: 8:23-cv-06175-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Kenneth Nelson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Respondent's motion for summary judgment. [Doc. 25.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings.

On August 26, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted. [Doc. 54.]  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 30.]  Petitioner filed objections to the Report on September 9, 2024.  [Doc. 56.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may

accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

The Magistrate Judge recommends granting Respondent's motion for summary judgment. [Doc. 54.] More specifically, the Magistrate Judge recommends granting summary judgment as to Grounds One and Four because the claims presented in those grounds are procedurally defaulted;[1] as to Grounds Three, Five, and Six because the claims presented in those grounds raise state-law issues and/or evidentiary issues that are not cognizable on federal habeas review; as to Ground Seven because the claim

---

[1] As the Magistrate Judge explained, Petitioner raises numerous ineffective assistance of counsel and prosecutorial misconduct claims in Ground One, but only his claim that trial counsel was ineffective for allowing the jailhouse informants' inadmissible statements to be entered into evidence was presented to the South Carolina appellate courts and, thus, properly exhausted. [Doc. 54 at 18.] Petitioner also raises his claim that trial counsel was ineffective for allowing the jailhouse informants' inadmissible statements to be entered into evidence in Ground Two—alleging that the PCR court erred in refusing to find trial counsel ineffective for asking about the statements and for not objecting to them when the State moved to introduce them into evidence—and Ground Eight—alleging that the South Carolina Court of Appeals incorrectly affirmed the PCR court's ruling regarding trial counsel's ineffective assistance for allowing the statements to be admitted into evidence. [Docs. 1-6; 1-13.] Accordingly, the Magistrate Judge addressed the merits of this exhausted claim under the discussion of Grounds Two and Eight. [Doc. 54 at 19, 21–26.]

presented in that ground relates to the ineffectiveness of PCR counsel, which is not a ground for relief in a proceeding under § 2254; and as to Grounds Two and Eight because the state court decisions on these grounds were not contrary to or an unreasonable application of clearly established federal law, nor were they based on an unreasonable determination of the facts in light of the evidence.  [*Id.* at 18–28.]

Petitioner's only specific objection relates to his claim, raised in both Grounds Two and Eight, that trial counsel was ineffective for allowing the jailhouse informants' statements to be entered into evidence.[2]  [Doc. 56.]  Accordingly, the Court conducts a de novo review with respect to this objection.

Petitioner maintains that trial counsel was ineffective under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), arguing that trial counsel's questioning the detective about statements made by the jailhouse informants and then allowing those statements into evidence were not sound, tactical decisions.  [Doc. 56 at 2]; *see Strickland*, 466 U.S. at 687 (establishing that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result).  Petitioner argues the circumstantial evidence, including DNA, fingerprints, and fibers from boots, was refuted during testimony such that the only significant evidence linking him to the murder were the informants' statements.  [*Id.* at 2–3.]

---

[2] Because Plaintiff has not objected to the Magistrate Judge's recommendations regarding Grounds One, Three, Four, Five, Six, and Seven, the Court has reviewed the Report, the record, and the applicable law regarding those grounds for clear error.  Having found no clear error, the Court accepts the Report with respect to the recommendations that the motion for summary judgment be granted as to Grounds One, Three, Four, Five, Six, and Seven.

The Magistrate Judge considered the test in *Strickland* and the standard under § 2254(d)[3] and rejected Petitioner's arguments that his trial counsel rendered ineffective assistance by opening the door to the informants' statements and by failing to object to the State's entering the statements into evidence and that the PCR appellate court erred in affirming the PCR court's decision. [Doc. 54 at 15–16, 21–26.] The Magistrate Judge concluded: (1) "the PCR appellate court's decision was not contrary to and did not involve an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts"; and (2) "[a] reasonable argument exists in support of the PCR appellate court's determination that but for any alleged error from trial counsel, the result of the trial would not have been different." [*Id.* at 25.] He noted that the PCR court concluded: (1) trial counsel's performance was not deficient because he made an objectively reasonable strategic decision to open the door to the statements and achieved his intended goal; and (2) Petitioner could not establish prejudice because "the substance of these statements would have clearly been introduced at trial through the individual witnesses had the statements not come in through" the detective and, further, the prosecutors "would have attempted to clear up any discrepancies or inconsistencies when each witness was testifying." [*Id.* at 24.] The Magistrate Judge further acknowledged the South Carolina Court of Appeals' conclusion that "evidence supports the PCR court's finding that [Petitioner] failed to demonstrate a reasonable probability that the results of his trial would have been different had trial counsel chosen not to open

---

[3] This Court's review of a state court's adjudication of the merits of an ineffective assistance of counsel claim is highly deferential to counsel under *Strickland* and highly deferential to state courts under 28 U.S.C. § 2254(d). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

the door to the admission of the conflicting statements by cross-examining [the detective] about the statements' inconsistencies and the detective's failure to investigate the jailhouse witnesses' many credibility problems."  [*Id.* at 25.]

Upon review, the Court concludes that the Magistrate Judge relied on the correct applicable law and that the state court's determination was based on a reasonable determination of the facts.  Thus, the Court overrules Petitioner's objection as to Grounds Two and Eight.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, Respondent's motion for summary judgment [Doc. 25] is GRANTED and the § 2254 petition [Doc. 1] is DENIED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(2) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

Greenville, South Carolina
September 30, 2024